UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| THOMAS HICKMAN, | ) | Civil Action No.: 4:11-cv-3213-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| J.P. ANDERSON and BEACH | ) | |
| COLONY RESORT HOTEL; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

This action arises out of Plaintiff's former employment with Beach Colony Resort Hotel.

Plaintiff is proceeding pro se. Presently before the court is Defendant Beach Colony Resort Hotel's

(Beach Colony) Motion to Dismiss (Document # 26). Because Plaintiff is proceeding pro se, he

advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to

Defendant's Motion could result in a recommendation that the Motion be granted. Plaintiff timely

filed a Response (Document # 32).[1]  All pretrial proceedings in this case were referred to the

undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule

73.02(B)(2)(e), DSC. Because the present Motion is dispositive, this Report and Recommendation

is entered for review by the district judge.

## II.    FACTUAL ALLEGATIONS

Plaintiff worked at Beach Colony for approximately five and a half years. While he was

there, Defendant J.P. Anderson was hired as a food and beverage manager. Plaintiff was the head

_____

[1]Plaintiff entitles this document a Motion to Continue and asks that the court not dismiss
his Complaint. Thus, it was docketed as a Response to the Motion to Dismiss.

breakfast cook.  Plaintiff alleges that Anderson yelled and screamed and cussed at him on more than one occasion and picked on him over and over for very small things.  Anderson also told Plaintiff that he would not be there long.  He further alleges that Anderson sent him home or cut his hours many times and gave him more days off than others.  Plaintiff alleges that Anderson blamed him for things that he did not do, such as using old milk, under-cooking eggs, and getting egg shells in food. Anderson also told Plaintiff to clean out glass that was found in some ice.  Plaintiff alleges that he was sent home for the egg shells in the food, but no one was sent home for the glass being found in the ice.  Plaintiff alleges that Anderson did everything in his power to get Plaintiff fired, including jumping on the floor and telling the managers that Plaintiff pushed him.  Plaintiff told the managers it was not true, but they believed Anderson and fired Plaintiff.  Complaint pp. 2-4.

In his request for relief, Plaintiff states,

> I want the courts to make him pay also punish for treating people the way he do.  All the lie he tell & the way he talk to people & how he treat people he make up things as he go make sure he does do this to anyone else.

Complaint p. 5.

## III.     STANDARD OF REVIEW

Defendant Beach Colony seeks to dismiss Plaintiff's complaint against it pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P.  A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Fed.R.Civ.P. 12(b)(1), raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991). To

adjudicate claims brought before it, this court must have both a constitutional and statutory grant of authority to exercise jurisdiction over the matter in question. Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir.2004).

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

IV.     **DISCUSSION**

Defendant Beach Colony argues that Plaintiff has failed to plead facts sufficient to invoke either federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and that, even if jurisdiction is proper in this court, Plaintiff has failed to allege facts sufficient to state a claim for relief.

Beach Colony is incorporated, located, organized and does business in the state of South Carolina and is, thus, a "resident" of South Carolina for jurisdictional purposes.  Huggins v. Winn-Dixie Greenville, Inc., 233 F. Supp. 667, 669 (D.S.C. 1964).  Plaintiff also provides a South Carolina address in his Complaint.  Thus, there is no diversity of citizenship between the parties and jurisdiction in this court is not proper on that basis.

Additionally, Plaintiff does not specify in his Complaint the federal law or laws upon which his claim is based.  As set forth in more detail above, Plaintiff alleges that Defendant J.P. Anderson, his supervisor, treated him poorly and eventually got him fired.  However, although Plaintiff's claim arises out of his employment, his allegations do not appear to fall within any of the federal employment laws.  In his Complaint, Plaintiff mentions neither the age, race, color, religion, sex, national origin or disability of himself or anyone else.  He does not allege that Defendants discriminated against him based upon his age, race, color, religion, sex, national origin or disability or for any other reason, nor does he allege that Defendants retaliated against him for his participation in any protected activity.  See Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq.

While this court is charged with liberally construing a complaint filed by a pro se litigant to

-4-

allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).  As stated above, the facts alleged by Plaintiff do not give rise to a federal claim.  Furthermore, even if they did give rise to a state claim, because there is no diversity between the parties, jurisdiction is not proper in this court.[2]  Therefore, dismissal is appropriate pursuant to Rules 12(b)(1) and 12(b)(6).[3]

## V.    CONCLUSION

For the reasons discussed above, it is recommended that Defendant Beach Colony's Motion to Dismiss (Document # 26) be granted this case be dismissed in its entirety pursuant to Rules 12(b)(1) and (12(b)(6).

> s/Thomas E. Rogers, III
> Thomas E. Rogers, III
> United States Magistrate Judge

November 29, 2012
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[2]Plaintiff's Response presents information not included in the pleadings.  Even if the court were to construe Plaintiff's Response as a Motion to Amend the Complaint, Plaintiff still fails to present sufficient allegations to state a valid claim or comport with Rule 8, Fed.R.Civ.P.

[3]Although the court may consider matters outside the pleadings when determining whether jurisdiction is proper under Rule 12(b)(1), it is unnecessary to do so here because dismissal is also appropriate under Rule 12(b)(6) for Plaintiff's failure to state a claim upon which relief may be granted.

-5-