IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Thomas Hickman, ) | |
| ) | |
| Plaintiff, ) | C/A NO. 4:11-cv-3213-RBH |
| ) | |
| vs. ) | |
| ) | |
| J.P. Anderson and Beach Colony ) | **ORDER** |
| Resort Hotel, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff filed this action *pro se* on November 23, 2011. On March 29, 2012, Defendant Beach Colony Resort[1] filed a Motion to Dismiss on the basis of Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Court's docket does not reflect that Defendant, J.P. Anderson has been served.

This matter is now before the undersigned for review of the Report and Recommendation filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In his Report, Magistrate Judge Rogers recommends that the defendant's motion to dismiss be granted. Counsel filed a Notice of Appearance on behalf of the plaintiff on December 17, 2012 and filed objections to the Report on the same date. Plaintiff also filed a motion to consolidate the case with Hickman v. BCR, Inc., d/b/a Beach Colony Resort, Civil Action Number 4:12-cv-3346 on December 17, 2012.

In conducting its review, the Court applies the following standard:

---

[1] Defendant states that its correct identification is BCR, Inc., which does business as "Beach Colony Resort". (ECF No. 45, note 1)

1

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Facts

The plaintiff alleges in his *pro se* Complaint that he was terminated from his employment with the defendant. He alleges that he had worked for the defendant as lead breakfast cook for five and a half years, when a new supervisor, Defendant Anderson, was hired. He alleges that Anderson yelled at him and picked on him and that he received the blame for various situations such as old milk and glass. He does not indicate when his termination occurred. *See* Complaint, ECF No. 1.

## Analysis

The defendant moves to dismiss the case on the basis of lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6). The Magistrate

Judge found that diversity of citizenship jurisdiction is not present because both the plaintiff and Beach Colony are residents of South Carolina.  He also found that federal question jurisdiction was lacking because the Complaint fails to allege a federal claim under the standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and Fed. R. Civ. P. 8.  In his objections, the plaintiff states, without specificity, that he has set forth causes of action pursuant to Title VII, 42 U.S.C. Section 1981, 42 U.S.C. Section 1983, and assault.  Further, Plaintiff asserts that he has submitted supporting facts in the complaint which he filed in another action, Case No. 4:12-cv-3346-RBH.  Plaintiff moves the Court to consolidate the two cases.

The Court has reviewed the allegations in the Complaint and in the *pro se* response to the motion to dismiss (ECF No. 32) and has construed them liberally.  The Court agrees with the Magistrate Judge that no federal cause of action has been stated and that, even if a state law claim has been stated, the Court lacks diversity jurisdiction.

Regarding the motion to consolidate (ECF No. 42), which was filed after the issuance of the Report and Recommendation, Plaintiff states that the grounds for the motion are argued in the supporting memorandum.  However, no supporting memorandum has been filed.  Defendant has filed an opposition memorandum (ECF No. 45).  Defendant cites Fed. R. Civ. P. 42, providing that the Court may consolidate two actions which involve a common question of law or fact.  As noted by the defendant, the plaintiff has not pointed the Court to any common questions of law or fact between the two lawsuits, and the second Complaint attaches a Right to Sue letter issued on August 29, 2012, well after the first lawsuit was filed in 2011.  The Court further notes that the Magistrate Judge sent Special Interrogatories to the plaintiff while he was acting *pro se*.  Those interrogatories asked whether Plaintiff had filed an administrative complaint with the Equal Employment

Opportunity Commission or the Human Affairs Commission and, if he had received a "Right to Sue" letter, to attach it to his response. The plaintiff responded that he had filed an administrative complaint and had received a "Right to Sue" letter. (ECF No. 14). He attached his "Right to Sue Letter" dated October 5, 2011 and also some documentation that he had apparently submitted to the EEOC. Therefore, this action concerns a different "Right to Sue" letter from the later lawsuit and the two cases should not be consolidated. Again, the plaintiff has failed to inform the Court of any common questions of law or fact which the two cases share.

## Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation of the Magistrate Judge. The defendant's motion to dismiss is **GRANTED**. Plaintiff's motion to consolidate is **DENIED**. Defendant J.P.Anderson is dismissed pursuant to Fed. R. Civ. P. 4(m).

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

January 28, 2013
Florence, South Carolina